IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN R. CLABAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 5482 |
| | ) | |
| SHODEEN MANAGEMENT, | ) | |
| RAY AGRELLA, Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Susan Clabault brings this action against Shodeen Management and its attorney, Ray Agrella. Although her complaint does not specifically set forth alleged violations of federal law, the facts state allegations of due process violations and violations of Fair Debt Collection Practices Act (15 U.S.C. § 1692)(FDCPA) and Fair Housing Act (42 U.S.C. § 3604) (FHA). For the following reasons, we grant, in part, petitioner's motion to proceed *in forma pauperis* and deny her motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a), we may authorize petitioner to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her financial affidavit petitioner states that she has been unemployed since April of 1991, has less than $200 in a checking or savings account, and has no assets. Her only income is Social Security and charitable rent assistance. In light of these representations petitioner has evidenced her financial need.

Our inquiry, however, does not end with the finding of indigence. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the

complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir.1994). For purposes of this decision we take petitioner's allegations as true. *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir.2000). And given that she appears *pro se*, we construe the pleadings liberally. *See* Henderson v. Sheahan, 196 F.3d 839, 845-46 (7th Cir.1999).

We take the following facts from the petitioner's complaint. Kent Shodeen instructed defendant Agrella to evict petitioner from Brittany Court Apartments, disregarding her legal rights. At Shodeen's direction, Agrella sent petitioner a letter indicating that she owed $847.41 in overdue rent, and threatening suit for non-payment. At the time Agrella mailed the letter he was aware that it contained an incorrect statement of debt. In fact, petitioner had overpaid her rent in the amount of $608. Petitioner's tenant inquiry showed that she paid her July rent partially on July 11, 2005, and partially on July 22, 2005, the two rent payments just prior to receipt of Agrella's letter. Petitioner suffers from disabling depression, and has limited ability to function. The overpayment of rent and unlawful eviction proceedings have caused her injury requiring hospitalization.

Brittany Court Apartments, represented by Agrella, brought suit against petitioner to satisfy the debt in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois. That court found for the plaintiff, and subsequently denied petitioner a motion for a new trial. It is unclear whether Clabault, defendant in the state court suit, appealed that decision. In September 2005, petitioner instituted this suit against Shodeen Management and Agrella.

## DISCUSSION

We must first address whether we have subject matter jurisdiction over petitioner's

claims. This query raises the question of whether any, or all, of petitioner's claims are barred by the Rooker-Feldman doctrine. Based on two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir.2001). Such claims can only be appealed through the state court system and then to the United States Supreme Court. *Id.* Thus, a federal district court cannot hear claims raised before the state court, or claims inextricably intertwined with those state court actions. *Id.* In determining whether a claim is inextricably intertwined we determine whether we are "in essence being called upon to review the state court decision." Feldman, 460 U.S. at 483, n.16. The Seventh Circuit offered further guidance, suggesting that "[i]f the injury alleged resulted from the state court judgment itself, the Rooker-Feldman doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional," Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir.2001). Thus, we must ask ourselves whether the petitioner here is asking us to set aside a state court judgment, or whether she is presenting a claim independent of the state court judgment. *See* Long v. Shorebank Development Corp. 182 F.3d 548, 555 (7th Cir.1999). For the reasons set forth below, we find that we maintain jurisdiction to hear the FDCPA claim, but lack subject matter jurisdiction to consider the petitioner's due process claims. Because we require more facts to determine subject matter jurisdiction of the FHA claim, we dismiss that claim without prejudice.

In analyzing her FDCPA claim, we find that the allegations contained in petitioner's complaint are analogous to the facts of <u>Long v. Shorebank Development, Corp.</u>, 182 F.3d 548 (7th Cir.1999).[1] In <u>Long</u>, a former tenant sued her landlord and its counsel for damages arising from her unlawful eviction. Upon being informed that she was behind in rent, the petitioner contacted the lessor, whose employee assured her that she did not owe any rent. Nevertheless, she was served with eviction papers. Upon appearing in court *pro se*, the lessor's counsel tricked her into signing a consent for judgment against her. Thus, the eviction proceeded and the petitioner suffered grave damages. Based on those damages she brought suit in federal court alleging due process and FDCPA violations. The Seventh Circuit held that the FDCPA claim fell outside of the <u>Rooker-Feldman</u> doctrine because it was "independent of and complete prior to the entry of the eviction order." <u>Long</u>, 183 F.3d at 556. The court also determined that the due process claim survived because it fell into an exception to the <u>Rooker-Feldman</u> doctrine, discussed further below.

In this case, as in <u>Long</u>, any action in violation of the FDCPA occurred prior to the state court action and falls outside of that case. Petitioner contends that Agrella, acting as an agent of Shodeen Management Company, knowingly included an incorrect debt amount in a collection letter sent to petitioner. That letter was dated July 26, 2005, prior to commencement of the state court action, and not a subject of that suit. Thus, the remedy for a successful FDCPA claim will be damages under the federal statute, not overturning of the state court

---

[1] Shodeen Management, a defendant in this case, would not likely be considered a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6). If Shodeen Management is a lessor collecting a debt of its own and not using an assumed name in its collection efforts, it could not be held as a "debt collector" in violation of the FDCPA. *See* <u>Kegley v. Miles Management Corp.</u>, 1992 WL 370251, *2 (N.D.Ill.1992). This is true even where a creditor lessor instructs an attorney to send a collection letter in the attorney's name in an attempt to collect debt for the creditor. *See* <u>Villarreal v. Snow</u>, 1996 WL 473386, *2 (N.D.Ill.,1996). Without knowing the relationship between Shodeen Management and Agrella, however, we cannot dismiss the FDCPA claim against Shodeen at this stage in the litigation.

decision. As the Seventh Circuit originally found in <u>Nesses v. Shephard</u>, 68 F.3d 1003 (7th Cir.1995), and affirmed in <u>Long</u>, a petitioner, in her federal suit for an independent right, may be able to show that the state court decision was erroneous, without being blocked by the <u>Rooker-Feldman</u> doctrine. *Id.* at 556. Thus, even if petitioner must prove that defendants fraudulently requested an incorrect debt amount to succeed on her FDCPA claim, the state court's possible finding that the amount owed was equal to the amount requested will not bar recovery under FDCPA. *Id.* at 555-56 ("the fact that the plaintiff's pursuit of his federal claims could ultimately show that the state court judgment was erroneous did not automatically render <u>Rooker-Feldman</u> applicable"). *See also* <u>Johnson v. CGR Services, Inc.</u>, 2005 WL 991770 (N.D.Ill.2005) (finding that plaintiff's FDCPA claim was not barred by <u>Rooker-Feldman</u> because although the claims involved representations made in filings with the state court, they were not specifically predicated on the entry of that money judgment). *Cf.* <u>Bisbee v. McCarty</u>, 3 Fed.Appx. 819 (10th Cir.2001), (distinguishing <u>Long</u> because plaintiff alleged that defendants misrepresented the existence of a debt to the court, not to deceive petitioner, and therefore the federal court was being asked to review the state court decision in violation of <u>Rooker-Feldman</u>). Thus, this court can exercise jurisdiction over the petitioner's FDCPA claim.

Finally, we must determine whether petitioner states an FDCPA claim upon which relief can be granted. By alleging that defendant Agrella was aware that the debt amount was incorrect in the letter he sent to petitioner, petitioner has stated such a claim.

Unlike her FDCPA claim, petitioner's due process claims are barred by the <u>Rooker-Feldman</u> doctrine. It is unclear from the complaint whether petitioner is alleging due process violations in the lessor's determination that petitioner owed money on her rental bill, due

process violations in the state court hearing on that issue, or both. Regardless, all such claims would be barred by the Rooker-Feldman doctrine.

In determining the outcome of the state action, the state court determined petitioner's debt to Brittany Court Apartments. In doing so, the state court had the authority to address whether any constitutional claims barred such a finding. As the Supreme Court held in Feldman, "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding ... then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." Feldman, 460 U.S. at 483, n16. Therefore, in asking us to review the process by which the state court concluded that petitioner owed money to the Brittany Court Apartments, petitioner is essentially seeking an appellate review of a state judicial proceeding. Such is the kind of review barred by Rooker-Feldman.

If the petitioner is arguing that she was denied due process in the state court action itself, the injury claimed would directly stem from the state court's decisions. Petitioner would not have been injured but for the state court hearing. As noted above, if the injury alleged resulted from the state court judgment, Rooker-Feldman precludes review by a federal district court, regardless of the state court's erroneous or unconstitutional judgment. Rizzo, 266 F.3d at 713. Claims that a state court violated a party's constitutional right to due process are inextricably intertwined with the state court judgment, and thus are barred by the Rooker-Feldman doctrine. *See* Sosa v. Illinois, 50 Fed.Appx. 777, 778 (7th Cir.2002).

In Long, the Seventh Circuit carved out a narrow exception to the Rooker-Feldman bar. Where a plaintiff did not have a "reasonable opportunity" to raise a federal claim in state court, she is not barred by Rooker-Feldman from raising such claim in federal court. *See*

Long, 182 F.3d at 558. To invoke this exception, the petitioner "must point to some action or procedure of the state court – independent of the actions of the opposing party – that prevent it from presenting its claims to the state court." Nationscredit Home Equity Services Corp. v. City of Chicago, 135 F.Supp.2d 905, 912 (N.D.Ill.2001). The petitioner in this case has put forth no evidence that would indicate her case should fall into the "reasonable opportunity" exception. Therefore, we dismiss, without prejudice, her due process claims for lack of subject matter jurisdiction.

Finally, the petitioner's complaint indicates possible claims under the Fair Housing Act, specifically §§ 3604 and 3617 for discrimination, based on petitioner's handicap. Whether or not such a claim is barred by the Rooker-Feldman doctrine, however, depends on what injury the petitioner is asserting. The injury alleged is unclear from the facts set forth in the complaint.

If petitioner is alleging that her injury arises because she owes a debt to Brittany Court Apartments, even if the debt was incurred because of discrimination, such claim is barred by the Rooker-Feldman doctrine. Bringing such a claim in the federal court essentially asks this court to review the state court's decision. The state court determined that petitioner owed a specific amount of money to her lessor. In doing so, it had the opportunity to address any discrimination in the issuance of this debt. Therefore, any claim of housing discrimination based on disability is inextricably intertwined with the state court decision. As noted above, the Rooker-Feldman doctrine bars this court from hearing such a claim, regardless of whether the state court's decision was erroneous or unconstitutional. *See* Rizzo, 266 F.3d at 713.

If, however, petitioner is alleging that her injury arises because of harassment she endured at the hands of her lessors because of her disability, such a claim would not be barred

by <u>Rooker</u>-<u>Feldman</u>. In that case, petitioner would be alleging an independent violation of the Fair Housing Act, separate from the state court action and within the subject matter jurisdiction of this court. *See* <u>Long</u>, 182 F.3d 548.

Because we require more facts to determine whether we have subject matter jurisdiction over petitioner's FHA claim, we must dismiss the claim without prejudice. Additionally, we deny, for now, petitioner's motion for appointment of counsel.

## CONCLUSION

For the foregoing reasons, petitioner's motion to proceed *in forma pauperis* is granted with respect to her FDCPA claim, and denied with respect to her due process and FHA claims. Her motion for appointment of counsel is denied.

                                                      JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

Oct. 11, 2005.