AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN R. CLABAULT, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 05 C 5482 |
| SHODEEN MANAGEMENT and RAY AGRELLA, Attorney, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Susan Clabault brought this action against Shodeen Management and its attorney, Ray Agrella, on September 22, 2005, filing a petition to proceed *in forma pauperis* and for appointment of counsel. In her complaint, plaintiff set forth facts stating allegations of due process violations and violations of the Fair Debt Collection Practice Act (15 U.S.C. § 1692) (FDCPA) and Fair Housing Act (42 U.S.C. § 3604) (FHA). In an order dated October 11, 2005, we authorized plaintiff to proceed *in forma pauperis* with respect to her FDCPA claim and denied her petition for appointment of counsel. We dismissed her complaint with respect to her due process claim, as we found it was barred by the Rooker-Feldman doctrine. Additionally, as we could not determine her exact claim with respect to the FHA, we dismissed that claim, with leave to amend.

Plaintiff's allegations stem from allegedly fraudulent debt collection practices undertaken by defendant Agrella on behalf of Shodeen Management, and discrimination by both defendants because of plaintiff's disabling depression. In brief, plaintiff alleges that she was harassed during her tenure at Brittany Court Apartments and that ultimately defendants fabricated her rental debt. Plaintiff contends that these actions were taken because of her

disability.[1] Brittany Court Apartments, represented by Agrella, brought suit against plaintiff in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, to recover the rental debt. The state trial court found for the defendant and denied plaintiff's motion for rehearing/retrial. Thereafter, plaintiff brought this action. Subsequently, plaintiff filed a notice of appeal in the state appellate court, which is currently pending.

Upon our order granting plaintiff *in forma pauperis* status, defendants made a motion to strike and dismiss plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6), 12(c), and/or 12(f). Alternatively, defendants moved to dismiss plaintiff's claim based on the Rooker-Feldman doctrine and/or *res judicata*. In a separate pleading, plaintiff moved to compel defendants' compliance with a subpoena and to amend her complaint. In response, defendants made a motion to strike plaintiff's motion to compel and motion to amend, to quash subpoena and for sanctions. For analytical ease, we structure this opinion as a response to defendants' motion to dismiss or strike plaintiff's complaint, and address the remaining motions at the end.

## DISCUSSION

We begin our analysis by noting that leave to amend a complaint should be freely granted as justice requires. FED. R. CIV. P. 15(a). Therefore, unless plaintiff's claims will be foreclosed regardless of any amendment, we will grant plaintiff leave to amend. At that point, if defendants believe the complaint is still deficient, they can file a motion to dismiss the amended complaint.

Defendants make two arguments that would bar plaintiff's claims completely – foreclosure under the Rooker-Feldman and *res judicata* doctrines. We assessed plaintiff's claims under the Rooker-Feldman doctrine in our prior opinion, finding that her due process claims were foreclosed, her FDCPA claim could proceed, and that we needed more facts to

---

[1] For a full background, see Clabault v. Shodeen Management, 2005 WL 2592475 (N.D.Ill.2005).

determine whether her FHA claim could proceed. Although defendants suggest that we erred in our judgement, or should find differently upon viewing additional information, based on our reading of the state court documents, we reaffirm our earlier analysis under Rooker-Feldman.[2]

We now turn to defendants' *res judicata* argument. We apply Illinois law to our analysis under *res judicata*, which bars relitigation of "all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." Whitaker v. Ameritech Corp., 129 F.3d 952, 955-56 (7th Cir.1998). A subsequent action is barred by *res judicata* upon the finding of the following: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Id.* at 956 (*citing* Downing v. Chicago Transit Auth., 642 N.E.2d 456 (Ill.1994)). Because plaintiff's FDCPA claim is separate and distinct from the prior state court action for nonpayment of rent, we find that it is not barred by *res judicata*.

Defendants argue that plaintiff raised her FDCPA claim in the state court hearing, pointing to plaintiff's statements in her Motion for Rehearing/Retrial and Notice of Appeal. In the former, plaintiff states, "On July 28th, the Office of Raymond Agrella sent out a letter stating that Susan had 30 days to settle the dispute. He waited two days before the process server Summoned Susan to court. This is unethical and misleading. It appears that Mr. Agrella wanted to get some more fees out of an indigent litigant and he is guilty of harassment, prohibited by the Attorney Rules of Conduct and the ARDC" (defs' mo. to dismiss, ex. D, ¶ 17). Although (very) broadly construed, this paragraph could be read to allege an FDCPA counterclaim, it is not clear whether the state court actually understood it that way or ever

---

[2] For a full discussion of these claims under the Rooker-Feldman doctrine, *see* Clabault, 2005 WL 2592475.

addressed the merits of the claim. Thus, there was no final judgment on the merits and relitigation is not barred by *res judicata*.[3]

Defendants also point to plaintiff's statements in her notice of appeal: "On July 26, Attorney Raymond Agrella sent out a fraudulent letter because he said, 'I have to send these out by federal law' stating that the Defendant owed $847.41. This was not true because the Defendant, SUSAN, had completely paid the July rent on the following dates totaling $835, the full amount of rent ...." (defs' mo., ex. F, ¶ 6). Although plaintiff seemingly tried to make a FDCPA claim or counterclaim on appeal, the state court has not made a final ruling on that issue and therefore it also fails the first prong – final judgment on the merits – of *res judicata*.

We also note that the Seventh Circuit has identified a distinct difference between debt attachment (the subject of the original state court suit) and debt collection (the subject of this subsequent FDCPA action) for *res judicata* analysis. In addressing plaintiff's FDCPA claim in Whitaker, the court noted that the plaintiff's debt attached at the moment she used defendant's phone services, but she was not negatively affected, in violation of the FDCPA, until the defendant initiated debt collection procedures. The court concluded, "[t]o lump debt attachment and debt collection together as the same cause of action under the res judicata analysis is to give res judicata broader sweep than we believe the Illinois courts are willing to give it." Whitaker, 129 F.3d at 958. Similarly, in this case, plaintiff's debt attached upon leasing her apartment, but she was not affected by allegedly fraudulent debt collection practices until she received a letter from defendant Agrella on July 26, 2005. The original state

---

[3] Additionally, plaintiff suggests that even if she raised an FDCPA claim, the state court would not have addressed its merits because the review was limited to the issue of possession. (*See* Response at 12). In a case brought under the Illinois Forcible Entry and Detainer Act (735 ILCS 5/9-101, *et seq.*) (FEDA), the court will not consider matters not germane to the issue of determining rightful possession. Flowers v. Burton Wells, Ltd., 2002 WL 31307421, *4 (N.D. Ill.2002). If the state court action was brought under FEDA, the court would have focused solely on possession, and not addressed the merits of an FDCPA counterclaim. *See* Long v. Shorebank Development Corp., 182 F.3d 548, 559-60 (7th Cir.1999) (finding that the FDCPA claims "are more than mere affirmative defenses...and encompass much more than the right of possession").

court action was to collect on the debt accrued on her lease. Thus, plaintiff's FDCPA claim is separate and distinct from the state court action and fails the second prong – identity of action – of *res judicata*.

Because we find that plaintiff's FDCPA claim is neither barred by Rooker-Feldman, nor *res judicata*, we grant plaintiff's motion to amend her complaint. And although defendants also implore us to dismiss plaintiff's FHA claim based on Rooker-Feldman and *res judicata* grounds, we will not make such a determination until plaintiff has been afforded an opportunity to clarify her complaint.[4]

Alternatively, defendants argue that plaintiff's FHA claim should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6), asserting two separate arguments. First, defendants argue that plaintiff's allegations are insufficient because she failed to state "that her 'disability' formed the basis for any actions by defendants or that defendants acted with any discriminatory intent or objective" (defs' mo. to dismiss, ¶ 39). We find that any such pleading deficiency can be cured in plaintiff's amended complaint and will not foreclose such an attempt.

Second, defendants claim that plaintiff's FHA complaint must be dismissed because defendants did not discriminate against other "disabled tenants," implying that plaintiff's admission to this point would foreclose plaintiff's FHA claim (*id.*, 39-41). To establish a prima facie case of discrimination under the FHA, plaintiff must plead and prove that (1) she belongs to a minority; (2) defendants knew she belongs to that minority; (3) plaintiff was ready and able to accept defendants' offer to rent; and (4) defendants refused to deal with her. Hamilton v. Svatik, 779 F.2d 383, 387 (7th Cir.1983). Plaintiff does not have to prove a pattern and

---

[4]As we noted in our original opinion in this case, plaintiff's complaint could be read to state a discrimination claim under the FHA either for an illegal debt placed on plaintiff because of her disability or illegal harassment endured outside of the debt accrual and collection. The former would be barred both by Rooker-Feldman and res judicata; the latter would not be precluded by either doctrine.

practice of discrimination against disabled tenants, only that *she* was discriminated against because of *her* disability. Thus, if plaintiff's amended complaint states a justiciable FHA claim, it will not fail simply based on her admissions that defendants treated other disabled tenants with leniency.

Defendants make two additional arguments for dismissal, invoking FED. R. CIV. P. 12(f), urging dismissal for immaterial, impertinent, and/or scandalous allegations, and Rule 12(c), for failure to seek any cognizable relief. Rule 12(f) allows the court to strike a pleading or portion of a pleading alleging "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike should not be employed unless it is clear that the matter sought to be stricken "can have no possible bearing on the subject matter of the litigation" and the moving party will be prejudiced. VPHI, Inc. v. National Educ. Training Group, Inc., 1995 WL 51405, *3 (N.D.Ill.1995). Specifically, defendants contend that the "complaint alleges, without any basis in fact or law, that the instant defendants conspired against plaintiff as some part of an 'old boy's network,' and further impugns the integrity of Raymond F. Agrella, an attorney of good character and renown, as well as the character of the presiding state court judge, the Hon. Karen Simpson" (defs' mo. to dismiss, ¶ 32). Because plaintiff is currently proceeding without the assistance of counsel, motions to strike under Rule 12(f) are generally disfavored, and Rule 12(f) does not guard against highly improbable or patently false claims (Manuel v. Lucenti, 2004 WL 2608355, *3 (N.D.Ill.2004)), we will not strike the complaint under Rule 12(f). We remind plaintiff, however, as she prepares her amended complaint, that the complaint should be limited to factual allegations that support her legal claims.

Defendants argue that because the complaint "fails to seek any cognizable relief against these defendants, such that if this court were to grant all the requests in her prayer for relief

thereby ending the litigation, no judgment or order would be entered in favor of plaintiff and against either defendant" (defs' mo. to dismiss, ¶ 42), we should make a judgment on the pleadings pursuant to Rule 12(c). Analysis under Rule 12(c) uses the 12(b)(6) standard of deference to the non-moving party, but a 12(c) motion can only be made at the close of pleadings. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998). In this case, as we are granting plaintiff leave to amend her complaint and defendants have not entered an answer, the pleadings are still open and any pleading deficiencies can be fixed in plaintiff's amended complaint. Therefore, we reject all of defendants' arguments to dismiss plaintiff's complaint at this stage of the litigation.

At this point, we recap our findings. First, we grant plaintiff's motion to amend her complaint. Second, we deny defendants' motion to strike and dismiss plaintiff's complaint. Third, we deny defendants' motion to strike plaintiff's motion to amend her complaint. Thus, we are left with plaintiff's motion to compel compliance with subpoena and defendants' motions to strike plaintiff's motion to compel and for sanctions.

In regard to plaintiff's motion to compel compliance with her subpoena, we believe that discovery should be stayed until plaintiff has filed her amended complaint and defendants' challenges have been addressed. Because plaintiff may or may not be able to state a justiciable FHA claim, her discovery needs and requests may change. Allowing discovery, especially that which entangles the court, is premature at this stage in the litigation. Therefore, we deny plaintiff's motion to compel. That ruling also makes defendants' motion to strike plaintiff's motion to compel moot. And not only is discovery premature, the manner in which plaintiff sought such discovery is facially invalid. FED. R. CIV. P. 45. Therefore, we grant defendant's motion to quash plaintiff's subpoena.

The final issue is defendants' motion for sanctions against plaintiff pursuant to FED.

R. CIV. P. 11(b)(3), which makes it a sanctionable offense to assert allegations or other factual contentions that do not have evidentiary support. First, defendants argue that plaintiff's statement "[i]n a letter dated November 14, 2005, Mr. Christopher Agrella refused to comply with the subpoena, stating it was 'overly broad, unduly burdensome, and seeks irrelevant information'" (plf's mo. to compel, ¶ 2), is "patently untrue" and was stated "intentionally and for improper purposes, such as to mislead this court into believing that defense counsel is in some way in violation of the rules." (Defs' mo. for sanctions, ¶¶ 26, 29). While defendants may be technically correct that Mr. Agrella's letter indicates that the "excessive scope of this 'subpoena' is secondary" (plf's mo. to compel, ex. C & D), he did state that the subpoena is "overly broad, unduly burdensome, and seeks irrelevant information" (*id.*). We do not believe that plaintiff was attempting to intentionally mislead this court; it is more likely that she was simply confused as to defendants' primary purpose for refusing to comply with her subpoena. Second, defendants argue that plaintiff's statement that "[t]he federal court stated that SUSAN had not been derelict in paying her rent, but, had paid too much by July 26, 2005 when she received a letter from Raymond Agrella for Shodeen Management," is misleading and sanctionable (defs' mo. for sanctions, ¶ 31) (citing plf's mo. to amend, ¶ 3). Once again, we do not believe that plaintiff was intentionally deceiving this court – more likely she misunderstood that our recitation of the facts in the light most favorable to the plaintiff in our analysis of her *in forma pauperis* petition was not an acceptance of those facts as truth. Finally, defendants argue that plaintiff's statement that she knows defendants are involved in a "racketeering enterprise" is scandalous and violative of Rule 11. While the requirements of Rule 11 are applied to *pro se* parties (Adusumilli v. Palliative Care Center, 2004 WL 2812089, *7 (N.D.Ill.2004)), it is "well-settled law of this circuit that *pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers"

McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir.2000). Because plaintiff is proceeding *pro se*, we refrain from imposing sanctions at this stage of the litigation. We encourage plaintiff, however, to read Rule 11 and recognize its requirements prior to filing her amended complaint.

## CONCLUSION

For the foregoing reasons, we deny defendants' motion to strike or dismiss plaintiff's complaint, grant plaintiff's motion to amend her complaint, deny plaintiff's motion to compel compliance with subpoena, grant defendants' motion to quash subpoena, and deny defendants' motion to strike plaintiff's motion to compel, to strike plaintiff's motion to amend, and for sanctions. At this time, we also deny plaintiff's repeated request for appointment of counsel.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 6, 2006.