

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSAN R. CLABAULT,  )
                    )
    Plaintiff,       )
                    )
    vs.             )    No. 05 C 5482
                    )
SHODEEN MANAGEMENT  )
and RAY AGRELLA,    )
                    )
    Defendants.     )

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Susan Clabault brought this action against Shodeen Management and its attorney, Ray Agrella, alleging violations of her due process rights, and violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. In an order dated October 11, 2005, the court granted Clabault's motion to proceed *in forma pauperis* and denied her motion for appointment of counsel. Clabault v. Shodeen Management, 406 F.Supp.2d 877 (N.D.Ill.2005) ("Clabault I"). In assessing her *in forma pauperis* petition under 28 U.S.C. § 1915(a), we determined that it lacked subject matter jurisdiction over plaintiff's due process claim under the Rooker-Feldman doctrine,[1] retained jurisdiction over her FDCPA claim, and dismissed her FHA claim without prejudice as it was impossible to determine jurisdiction. Three months later, the court decided defendants' first motion to dismiss. Clabault v. Shodeen Management, 2006 WL 87600 (N.D.Ill.2006) ("Clabault II"). We rejected defendants' contentions that plaintiff's

---

[1] The Rooker-Feldman doctrine "precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court." Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir.2001).

FDCPA claim was barred by Rooker-Feldman, or *res judicata*. We also rejected defendants' attempt to foreclose plaintiff from filing an amended complaint in an effort to state a valid FHA claim. Finally, on May 15, 2006, we granted in part defendants' second motion to dismiss, finding plaintiff's FHA claim barred by Rooker-Feldman. Clabault v. Shodeen Management, 2006 WL 1371460 (N.D.Ill.2006) ("Clabault III"). In Clabault III, we also addressed and dismissed the additional claims found in plaintiff's first amended complaint – violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq., and verbal abuse and harassment of a *pro se* litigant. Defendant Agrella now moves this court for summary judgment on the remaining FDCPA claim.[2] For the reasons stated herein, we deny defendant's motion.

Generally, summary judgment is appropriate if, construing the facts in favor of the non-moving party (*see* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)), "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). *See also* Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis, 806 F.2d 146, 149 (7th Cir.1986). The moving party has the burden to establish the lack of a genuine issue of material fact. *Id.* Upon meeting that burden, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102,

---

[2] Defendant Agrella suggests that he is the only remaining defendant at this juncture (def's reply at ¶ 4). While defendant correctly notes that plaintiff's only remaining claim at this point is her FDCPA claim, he incorrectly assumes that Shodeen Management has been dismissed from the case. While we did indicate that it was unlikely that Shodeen Management would be considered a "debt collector" under the FDCPA (15 U.S.C. § 1692a(b)), in Clabault I, we explicitly stated that "we cannot dismiss the FDCPA claim against Shodeen at this time." 406 F.Supp.2d at 8801, n1. At no time in our memory did we later dismiss Shodeen from the case.

105 (7th Cir.1983). The mere existence of some factual dispute will not frustrate an otherwise proper summary judgment – only a genuine dispute over a material fact will defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).

Defendant argues that plaintiff's response is inadequate as it failed to include any admissible evidence contesting defendant's arguments under Federal Rule of Civil Procedure 8(d) and FDCPA. Generally, simple denial of defendant's arguments is insufficient to defeat a motion for summary judgment. *See* Haddad v. Dominican University, 2007 WL 809685, *2 (N.D.Ill.2007) ("In the absence of genuinely disputed facts stated in the Local Rule 56.1 statements of fact and supported by evidence in the record, it is appropriate to grant summary judgment against the non-movant"); Harvey v. West, 2007 WL 781910, *1 (S.D.Ill.2007) (evidence above and beyond the pleadings must be presented at the summary judgment stage). The requirements hold true for *pro se* plaintiffs as well as those represented by counsel. *See* Philipper v. Dorn, 1999 WL 558123, *6 (N.D.Ill.1999) (while courts may impose a more lenient standard on *pro se* plaintiffs with regard to technicalities, such leniency does not "alter how the court will evaluate the substantive merits of the case").

In this court, summary judgment filing and analysis is governed by Federal Rule of Civil Procedure 56, and the corresponding local rules. Local Rule 56.1 requires the moving party to serve and file affidavits and other materials referred to in Rule 56(e), a supporting memorandum of law, and a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law. Defendant has failed to comply with Local Rule 56.1 by neglecting to file a statement of material facts. Such a failure constitutes grounds for denial of the motion. *See* Ab v. Sekendur, 2004 WL 2434220, *3 (N.D.Ill.2004).

While we may have given defendant leeway on a statement of material facts due to the ambling nature of plaintiff's pleadings, defendant's additional failure to follow the requirements of Local Rule 56.2 proves more damaging. Local Rule 56.2 requires "[a]ny party moving for summary judgment against a party proceeding *pro se* [to] serve and file as a separate document, together with the papers in support of the motion, a 'Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment.'" The Local Rule sets forth the form such a notice should take, which explains to a *pro se* plaintiff the meaning of a motion for summary judgment and states the requirements for a proper response. Local Rule 56.2 fulfills the Seventh Circuit's mandate that *pro se* plaintiffs receive notice of the consequences of failing to respond appropriately to a summary judgment motion. Timms v. Frank, 953 F.2d 281 (7th Cir.1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). In Timms, the Seventh Circuit affirmed that adequate notice to a *pro se* party must include both the "text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." 953 F.2d at 285.

Defendant's failure to comply with the local rules requires us to deny his motion for summary judgment. Plaintiff is entitled to receive the information mandated by the Seventh Circuit in order to craft her response, and this court is entitled to receive motions that comply with the federal and local rules. *See* Moore v. Tribune Co., 2006 WL 2547104, *3 (N.D.Ill.2006) (granting *pro se* plaintiff an additional three weeks to submit a reply where defendant had failed to file a Local Rule 56.2 Notice). Defendant Agrella, along with Shodeen Management, may re-file a motion for summary judgment so long as it complies with the federal and local

rules on the subject. Once filed, plaintiff will have an additional opportunity to respond.[3]

## CONCLUSION

For the reasons stated herein, defendant Agrella's motion for summary judgment is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2007.

---

[3] We also caution defendants to take note of this court's prior rulings regarding their asserted affirmative defenses prior to re-filing.