IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN R. CLABAULT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 05 C 5482 |
| SHODEEN MANAGEMENT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case was filed over two years ago. It has been the subject of several memorandum opinions and orders, and of numerous status conferences. The case now consists only of a Fair Debt Collection Practices Act (FDCPA) claim. Defendants earlier filed a motion for summary judgment. That was denied on May 16, 2007, because of their failure to comply with the local rules, including their failure to provide adequate advice about summary judgment motions to the *pro se* plaintiff. After providing that advice, defendants filed a second summary judgment motion on July 9, 2007.

Plaintiff was supposed to respond by August 17, 2007. She sought and received an extension until September 25, 2007, and we then advised the parties that we would rule on the basis of what was on file on that date. Plaintiff did respond on September 25, 2007. Her response did track the paragraph numbering of the summary judgment motion, but it was not under oath. She conceded that discovery had been closed since January 31, 2007, but, due to illness, she asked for time, "lots of time," to amend her complaint. On October 12, 2007, due to illness, as attested to by her treating psychiatrist, she asked that everything be stayed until at least January 1, 2008. And that we are not prepared to do. We grant summary judgment

to defendants. Implicit in plaintiff's filings is her belief that she can overturn her eviction or at least collect damages directly or indirectly related to her eviction. But she cannot. We cannot overturn a state court judgment or provide relief that is inconsistent with the state court judgment. We can provide relief (and so could a state court) for a FDCPA violation that is not inconsistent, such as inaccurate recitation in a collection letter of the amount owed or abusive collection conduct. But, in the absence of proof of actual damages unrelated to the eviction (and no such damages have been suggested), plaintiff, if she prevailed, would be entitled only to statutory damages, presumably capped at $1,000. We are thus being asked for yet further extensions to prosecute a $1,000 claim. That we are unwilling to do.

We are sympathetic to plaintiff's medical and psychological difficulties. But we must also consider the defendants' position. A famous and wise federal judge, Learned Hand, on various occasions remarked that the worst things in life were death, chronic ill health and being a party to a lawsuit. The defendants have been parties for over two years. They have had to file a number of pleadings and attend numerous status conferences. There is no record evidence that Agrella was representing Shodeen Management in pursuing the eviction. The plaintiff there was the owner of the property, Brittany Court Partnership, Ltd. There is no record evidence that Agrella comes within the definition of debt collector and, indeed, the only record evidence is that he does not. There appears to be no way for plaintiff to cure those deficiencies, as discovery has been closed for nine months. It is time for closure. We grant defendants' motion for summary judgment.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 1, 2007.